UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2267 CAS (AGRx) | Date | October 28, 2010 |
|---|---|---|---|
| Title | LENA TOPETE v. PFF BANCORP, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                                        Not Present

**Proceedings:** (In Chambers:) DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (filed 09/20/10)

The Court finds these motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

On September 11, 2008, plaintiff Lena Topete ("Topete") filed a complaint in the Los Angeles Superior Court against defendant PFF Bancorp, Inc. The complaint alleges: (1) wrongful termination in violation of public policy; (2) breach of implied contract; and (3) breach of the implied covenant of good faith and fair dealing. On December 10, 2008, Topete filed a first amended complaint. On February 4, 2009, PFF Bancorp. Inc's demurrer was sustained as to plaintiff's second and third causes of action, and plaintiff elected to proceed only with respect to her claim of wrongful termination in violation of public policy. On March 12, 2009, the Federal Deposit Insurance Corporation ("FDIC-R") was substituted as Receiver for PFF Bank & Trust. The FDIC removed the action to the district court and it was assigned to this Court on April 1, 2009. On May 11, 2009, this Court stayed proceedings pending the exhaustion of the mandatory Federal Deposit Insurance Corporation ("FDIC") administrative claims review process.

On September 20, 2010, FDIC-R filed the instant motion to dismiss or, in the alternative, motion for summary judgment. Plaintiffs have failed to file an opposition.

Defendant argues that plaintiff's claim should be dismissed as moot because even if there were a judgment in her favor, Topete would never be able to recover the money damages requested because the PFF receivership estate does not and never will have funds to distribute to general creditors. Mot. at 1. To make this argument, defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2267 CAS (AGRx) | Date | October 28, 2010 |
|---|---|---|---|
| Title | LENA TOPETE v. PFF BANCORP, INC. | | |

refers this Court to 12 U.S.C. § 1821(d)(11)(A), which outlines the "priority that claims against a failed institution in receivership are to be paid," and establishes that "[g]eneral creditor claims are paid last (if at all)." Mot. at 4. In this instance, defendant asserts, "[t]he FDIC has determined that insufficient assets exist in the receivership of PFF Bank & Trust, Pomona, California, to make any distribution to general, unsecured claims, and therefore such claims will recover nothing and have no value." 75 Fed. Reg. 45114 (Aug. 2, 2010); Request for Judicial Notice Exh. 4.[1] Therefore, even if plaintiff were to succeed on her claim, "[p]laintiff can recover nothing from FDIC-R because there are not, and never will be, sufficient assets to pay any general creditor claims." Mot. at 7.

Because plaintiffs have failed to timely respond to the motion to dismiss, and because defendant has adequately demonstrated that plaintiff's claim, as stated, is moot, the Court GRANTS defendant's motion to dismiss without prejudice. Therefore, Plaintiff shall file an amended complaint within fourteen (14) days after the filing of this order. Plaintiff is admonished that in the event that she does not amend her complaint within fourteen (14) days, the Court will dismiss the action with prejudice.

IT IS SO ORDERED

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[1] The Court grants defendant's request for judicial notice of this public record.